IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHIQUITA DIXON NORMAN,

    PLAINTIFF,

VS.                                      CV NO.:

FRENCH TOWN RESIDENTIAL,
LLC, & TANARENCE MOORE,

    DEFENDANTS.                  JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Cynthia Dixon Norman, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant French Town Residential, LLC, ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4. Defendant Tanarence Moore (hereinafter "Defendant"), is an individual and resident of Birmingham, Jefferson County, Alabama, as well as an owner of Defendant French Town Residential, LLC; he supervised the day-to-day operations of Defendant French Town Residential, LLC, meaning that he is an employer as defined by the FLSA.

### III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendants hired Plaintiff on or about February 8, 2022.

7. Defendants employed Plaintiff as a Home Health Worker.

8. At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

9. During Plaintiff's employment with Defendants, Plaintiff typically worked over forty hours in a work week.

10. Defendant terminated Plaintiff's employment on or about May 13, 2022.

## IV. COUNT ONE – FLSA – Overtime Violations

11. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-10 above.

12. Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. § 203(s)(1).

13. Defendant has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

14. Defendant's gross annual volume of revenue, on a rolling quarterly basis, for the quarters ending on June 30, 2021, September 30, 2021, December 31, 2021, and March 31, 2022, exceeded $500,000 per year.

15. At all times relevant to this action, Defendant French Residential Services, LLC, was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

16. At all times relevant to this action, Defendant Tanarence Moore was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

17. Plaintiff, and all others similarly situated Home Health Workers, were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

18. During most, if not all, work weeks, Defendant recorded Plaintiff's hours worked in excess of forty hours for the work week.

19. Defendant failed to pay Plaintiff overtime premium for all hours worked in excess of forty in a work week.

20. For the pay period of February 1, 2022 through February 15, 2022, Defendants paid an hourly rate of $10.00 per hour.

21. For the pay period of February 1, 2022 through February 15, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

22. For the pay period of February 16, 2022 through February 28, 2022, Defendants paid an hourly rate of $10.00 per hour.

23. For the pay period of February 16, 2022 through February 28, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

24. For the pay period of February 1, 2022 through February 15, 2022, Defendants paid an hourly rate of $10.00 per hour.

25. For the pay period of March 1, 2022 through March 15, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

26. For the pay period of March 16, 2022 through March 31, 2022, Defendants paid an hourly rate of $10.00 per hour.

27. For the pay period of March 16, 2022 through March 31, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

28. For the pay period of April 1, 2022 through April 15, 2022, Defendants paid an hourly rate of $10.00 per hour.

29. For the pay period of April 1, 2022 through April 15, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

30. For the pay period of April 16, 2022 through April 30, 2022, Defendants paid an hourly rate of $10.00 per hour.

31. For the pay period of April 16, 2022 through April 30, 2022, Defendants failed to pay Plaintiff overtime premium for hours worked in excess of forty during a work week.

32. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.  COUNT TWO - FLSA RETALIATION:  TERMINATION

33. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 32 above.

34. On May 7, 2022, Plaintiff emailed Moore regarding Defendant's failure to pay Plaintiff overtime premium.

35. Plaintiff's May 7, 2022 email to frenchtownresidential@gmail.com stated the following:

> I have received my paychecks ending on 2/15/22, 3/15/2022, and 4/15/22. I believe I have worked in excess of forty hours per week each and every week. However, I have not been paid overtime premium pay for the hours worked in excess of forty for each work week. Please pay me the appropriate overtime during the next pay period. If you do not believe I am an employee entitled to overtime compensation, please let me know the basis for that belief.

36. On May 13, 2022, Defendant Moore removed Plaintiff from the schedule.

37. Defendants never placed Plaintiff back on its schedule and terminated Plaintiff's employment.

38. Defendant intentionally violated the FLSA by failing to pay Plaintiff for overtime hours worked without any basis in fact.

39. Defendant retaliated against Plaintiff by terminating her employment because she asked why she had not been paid overtime premium for worked over forty during a workweek.

40. Defendant's actions in terminating Plaintiff violated the FLSA's anti-retaliation statute, 29 U.S.C. § 215(a)(3).

41. Because of Defendant's willful and intentional violation of the FLSA's anti-retaliation statute, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of her unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. Award her back pay, together with employment benefits, front pay, compensatory damages; liquidated damages equal to the amount of back-pay, special damages; nominal damages;

D. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

E. For such other and further relief as this Court deems equitable, proper and just.

/s/ Allen D. Arnold
_____
Allen D. Arnold

/s/ Whitney Morgan Bown
_____
Whitney Morgan Bown

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, Alabama 35223
T: (205) 252-1550
F: (205) 469-7162
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
French Town Residential, LLC
c/o Alicia Walters
1000 Avenue West
Birmingham, AL 35214

Tanarence Moore
1000 Avenue West
Birmingham, AL 35214